**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**KRISTEN LEA SCHNEIDMILLER,**

    Plaintiff,

v.                                                    Case No: 8:15-cv-678-T-PRL

**COMMISSIONER OF SOCIAL**
**SECURITY**

    Defendant.
_____

# ORDER

Plaintiff appeals the administrative decision denying her application for Disability Insurance Benefits ("DIB"). Upon a review of the record, the memoranda, and the applicable law, the Commissioner's decision is **REVERSED.**

## I.  BACKGROUND

On August 30, 2011, Plaintiff filed an application for DIB benefits, alleging disability beginning August 30, 2008. (Tr. 164-69). The claim was denied initially, and upon reconsideration. At Plaintiff's request, a hearing was held on June 18, 2013, where both the Plaintiff and an impartial vocational expert testified. (Tr. 34-72). On August 13, 2013, the Administrative Law Judge (ALJ) issued a notice of unfavorable decision, finding Plaintiff not disabled. (Tr. 18-29). Plaintiff's request for review was denied by the Appeals Council (Tr. 1-5), and Plaintiff initiated this action on March 25, 2015. (Doc. 1). Plaintiff has exhausted her administrative remedies, and the final decision of the Commissioner is ripe for review under 42 U.S.C. § 405(g).

Based on a review of the record, the ALJ found that Plaintiff had the following severe impairments: fibromyalgia and mild carpal tunnel syndrome. (Tr. 20).

The ALJ found that the Plaintiff had the residual functional capacity to perform less than the full range of sedentary work. (Tr. 22). The ALJ found that Plaintiff can lift 10 pounds occasionally and less than 10 pounds frequently. She can stand or walk for about 2 hours and sit for up to 6 hours, in an 8-hour workday, with normal breaks. She can occasionally operate foot controls. She can never climb ropes, scaffolds, or tall ladders of 6 rungs or more. She can occasionally climb ramps or stairs, balance, stoop, kneel, or crouch. She can never crawl. She can perform gross or fine manipulation frequently. She can perform all reaching frequently, other than overhead reaching, which can be performed occasionally. She needs to avoid concentrated exposure to extreme cold and extreme heat. She needs to avoid concentrated exposure to excessive vibration. She needs to avoid all use of hazardous machinery and needs to avoid all exposure to unprotected heights.

Based upon the RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as document preparer, surveillance system monitor, and call-out operator. (Tr. 28-29). The ALJ's finding includes his consideration of Plaintiff's limitations that erode the unskilled sedentary occupational base, and the vocational expert's testimony regarding what functions Plaintiff could perform in light of her limitations. (Tr. 34). Accordingly, the ALJ determined that Plaintiff is not disabled. (Tr. 29).

## II.  STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard. Nevertheless, "[t]he Secretary's failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

**III.    DISCUSSION**

On appeal, Plaintiff raises two issues: (1) whether the ALJ properly evaluated Plaintiff's fibromyalgia consistent with the directives of SSR 12-2p; and (2) whether the ALJ's RFC finding is supported by substantial evidence. Because these issues are both related to the ALJ's consideration of Plaintiff's fibromyalgia, I will discuss them together.

As an initial matter, in as much as Plaintiff argues that the ALJ erred as a matter of law in failing to expressly cite and follow SSR 12–2p in his analysis, I note that the mere fact that he did not cite SSR 12-2p is not dispositive. The ALJ is not required to use particular phrases or formulations as long as it can be determined what statutory and regulatory requirements the ALJ applied. *See Jamison v. Bowen,* 814 F.2d 585, 588–89 (11th Cir.1987) ("[w]e do not require the ALJs necessarily cite to particular regulations or cases," "[b]ut in order to make our review meaningful, we must be able to determine what statutory and regulatory requirements the ALJ did in fact apply"); *see also Dyer v. Barnhart,* 395 F.3d 1206, 1211 (11th Cir.2005) (noting that ALJ's credibility finding need not refer to every piece of evidence so long as decision is specific enough to conclude ALJ considered claimant's condition as a whole). Here, it is apparent that the ALJ engaged in an analysis under SSR 12-2p, but, as will be discussed, the analysis itself falls short because the ALJ failed to fully address the opinions of Dr. Sikes, Plaintiff's rheumatologist.

Social Security Ruling 12-2p focuses in large part on the procedure for identifying fibromyalgia as a medically determinable impairment or as a severe impairment. The ALJ credited Plaintiff's doctors' diagnoses of fibromyalgia and found it to be a severe impairment at step two. (Tr. 20). Then, consistent with SSR -12-2p,[1] the ALJ engaged in an analysis

---

[1] Pursuant to Social Security Ruling 12–2p, once a claimant is determined to have fibromyalgia, the Commissioner then evaluates:

throughout the sequential evaluation process (Tr. 22-27). Critically, however, the ALJ's evaluation of the available medical evidence on this issue is incomplete with respect to the opinions of Dr. Sikes. Thus, I cannot say that the RFC is supported by substantial evidence.

The law is clear that generally "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. Jan. 24, 2011). As a treating physician, Dr. Sikes' opinion is entitled to substantial or considerable weight unless "good cause" is shown to the contrary. *Crawford v. Commissioner of Social Security*, 363 F. 3d 1155, 1159 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir.1997)).

Here, Plaintiff argues that the ALJ erred by not addressing all of Dr. Sikes' opinion. Specifically, at issue is a May 23, 2013 letter in which Dr. Sikes opined that Plaintiff is disabled due to fibromyalgia. (Tr. 508-09). While his finding that Plaintiff is "disabled" is itself entitled to no special consideration, Dr. Sikes discussed in detail his finding and the difficulties and

---

the intensity and persistence of the person's pain or any other symptoms and determine the extent to which the symptoms limit the person's capacity for work. If objective medical evidence does not substantiate the person's statements about the intensity, persistence, and functionally limiting effects of symptoms, we consider all of the evidence in the case record, including the person's daily activities, medications or other treatments the person uses, or has used, to alleviate symptoms; the nature and frequency of the person's attempts to obtain medical treatment for symptoms; and statements by other people about the person's symptoms. As we explain in SSR 96-7p, we will make a finding about the credibility of the person's statements regarding the effects of his or her symptoms on functioning. We will make every reasonable effort to obtain available information that could help us assess the credibility of the person's statements.

functional limitations resulting from her condition—an assessment that the ALJ appears to have overlooked, but might otherwise effect the RFC.   (See Tr. 506-507).

Indeed, in an effort to discredit Dr. Sikes—and more specifically a September 2011 statement by Dr. Sikes that "I feel the patient is disabled"—the ALJ states that Dr. Sikes' notes (and those of his colleague Dr. Khan) reveal Plaintiff has "full strength throughout and few functional limitations observed" (see Tr. 25-26), but appears (despite referencing Exhibit 11F at Tr. 25) to overlook the assessment offered by Dr. Sikes in his May 2013 opinion about Plaintiff's fibromyalgia symptoms and their effects.   In fact, Dr. Sikes begins the 2013 letter by noting that he has cared for the Plaintiff since September 2011 and recites not only the diagnosis of fibromyalgia, but states that she meets the American College of Rheumatology criteria for the syndrome *and* explains why:

> She has 4 quadrants of pain that has been going on for many years. In addition, she has typical fibromyalgia tender points, 18/18. She has multiple nondefining features of fibromyalgia including: irritable bowel syndrome, cognitive disorder with severe short-term memory problems, headaches, sleep disorder, profound fatigue, restless legs, etc.

(Tr. 506-507).   Dr. Sikes then goes on to further explain the effects of the fibromyalgia on Plaintiff and her limitations:

> She has severe difficulty concentrating and that in combination with her short-term memory problem is [a] significant problem with her function.
>
> Her disability is based on her severe functional loss. As you know, most patients with fibromyalgia syndrome are able to maintain gainful employment and function fairly normally. This unfortunate patient represents that small percentage of patients that are in fact disabled by fibromyalgia syndrome. It is my understanding that the new social security guidelines do in fact cover this and do cover her situation.
>
> Functionally, she has severe difficulties. She can only sit for about 10-minutes in a functional position before she has to lie down or

> standup. She may require a break from 30-minutes to 2-hours after 1 spell of sitting for about 10-minutes at a computer terminal or similar. In an 8-hour day she could sit at a desk and work for less than 1 hour. She can stand for less than 10 minutes at a time under normal circumstances. She can walk for less than 10 minutes at a time under normal circumstances. In an 8-hour day she could walk or stand for less than 1 hour.
>
> These are of course averages. She does have a phenomenon in which she has very good days and bad days. On her good days she is able to do more, but these occur very rarely.
>
> She has been treated with FDA approved treatments for fibromyalgia syndrome including Lyrica and Cymbalta without much improvement. In addition, she has been on Tramadol which has offered scant if any improvement.
>
> Her note may indicate at times that she was slightly better or slightly worse. These notations that she is "better" did not reflect the fact that she can return to work.
>
> Because of her cognitive difficulties associated with fibromyalgia, she should not be exposed to dangerous environments such as moving equipment, unprotected heights, etc.
>
> Her disease process is severely exacerbated by any physical or emotional stress. Based on this, she should not be exposed to temperature extremes, direct sunlight, chemical smells, etc.

(Tr. 506-07).

Perhaps there are records by Dr. Sikes or others what would be inconsistent with the substantive assessment offered in Dr. Sikes' May 2013 opinion, such that his opinions are only entitled to little weight. But if there are, I cannot say that the ALJ considered the May 2013 opinion *and* discredited it based on them.

To the contrary, it appears that the ALJ did not specifically mention Dr. Sikes' letter or its content. Rather, he simply noted that the evidence "contains medical opinions [from Dr. Sikes, and his colleague, Dr. Khan] that the claimant was 'disabled' or imposed restrictions that effectively resulted in a finding of incapacitation for Social Security purposes." (Tr. 25). The

ALJ then discounted the opinions of these doctors in a cursory manner, as discussed above, by stating that they were minimally explained and unsupported by objective medical evidence. However, without any further discussion or explanation by the ALJ, it is unclear whether he considered the entirety of Dr. Sikes' letter and whether he was rejecting some or all of the opinions contained in it.  Accordingly, the Court cannot determine whether the ALJ's decision to discount Dr. Sikes' opinion, and as a result the RFC, is supported by substantial evidence.

## IV.   CONCLUSION

For the reasons stated above, the ALJ'S decision is **REVERSED and REMANDED** under sentence four of 42 U.S.C. § 405(g).   The Court declines to reverse for benefits.   The **Clerk is directed** to enter final judgment for the **Plaintiff** and **close the file**.

**DONE and ORDERED** in Ocala, Florida on September 2, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties